**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VANDA PHARMACEUTICALS INC.,<br>Plaintiff,<br>v.<br>APOTEX INC. and APOTEX CORP.,<br>Defendants. | C.A. No. 24-1344-JLH<br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vanda Pharmaceuticals Inc. (Vanda) brings this Complaint for Patent Infringement of U.S. Patent No. 11,918,556 (the ’556 Patent) against Defendants Apotex Inc. and Apotex Corp. (collectively, Apotex) related to Apotex’s filing of Abbreviated New Drug Application No. 211607 (Apotex’s ANDA) for approval of a generic version of Vanda’s HETLIOZ® (tasimelteon) 20 mg oral capsules (Apotex’s ANDA Product), as well as Apotex’s present and continuing engagement in the commercial manufacture, use, importation, offer for sale, or sale of Apotex’s ANDA Product. Vanda alleges as follows:

## THE PARTIES

1. Plaintiff Vanda is a pharmaceutical company with its principal place of business at 2200 Pennsylvania Ave. NW, Suite 300E, Washington, DC, 20037.

2. On information and belief, Apotex Inc. is a Canadian corporation with its principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.

3. On information and belief, Apotex Corp. is a Delaware corporation with its principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

4. On information and belief, Apotex Corp. is the designated U.S. agent for Apotex Inc. in accordance with 21 C.F.R. § 314.50(a) in connection with Apotex's ANDA.

5. On information and belief, Apotex Corp. is a generic pharmaceutical company that distributes and sells generic pharmaceutical products in the State of Delaware and throughout the United States that are manufactured by Apotex Inc.

6. On information and belief, Apotex Inc. and Apotex Corp. acted collaboratively in the preparation and submission of Apotex's ANDA, and the making, using, selling, offering to sell, and/or importing of Apotex's ANDA Product.

7. On information and belief, Apotex Inc. and Apotex Corp. worked, and will work, in concert with one another to make, use, offer to sell, and/or sell Apotex's ANDA Product throughout the United States, and/or import Apotex's ANDA Product into the United States, including in this judicial district.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over each Defendant because, among other things, each Defendant has committed, aided, abetted, contributed to, or participated in the commission of tortious acts of patent infringement by, *inter alia*, filing an ANDA, receiving final approval to market Apotex's ANDA Product that is the subject of Apotex's ANDA, and/or making, using, importing, offering for sale, and selling Apotex's ANDA Product, which has led and will lead to foreseeable harm and injury to Vanda.

10. This Court also has personal jurisdiction over Apotex Corp. by virtue of Apotex Corp.'s incorporation in the State of Delaware. Further, each Defendant's affiliations with the State of Delaware are so continuous and systematic as to render each Defendant essentially at home in this forum, and Apotex Inc. is a foreign defendant that is not subject to jurisdiction in any state's courts of general jurisdiction, making this Court a proper venue for personal jurisdiction.

11. The Court also has personal jurisdiction over each Defendant because, *inter alia*, each Defendant has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. Upon information and belief, each Defendant regularly and continuously transacts business within Delaware, including by selling pharmaceutical products including Apotex's ANDA Product in Delaware, either on its own or through its affiliates. Upon information and belief, each Defendant derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business in Delaware.

12. This Court also has personal jurisdiction over each Defendant because each Defendant has frequently availed itself of the legal protections of the State of Delaware, by, among other things, admitting jurisdiction and/or asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware. *See, e.g.*, *Gilead Scis., Inc. et al. v. Lupin Ltd. et al.*, C.A. No. 21-1621-MN (D. Del.), D.I. 163; *Teva Pharms. Int'l GmbH et al. v. Apotex Inc. et al.*, C.A. No. 17-1164-CFC (D. Del.), D.I. 17.

13. For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over each Defendant.

14. Apotex has litigated multiple cases relating to Apotex's ANDA Product in the United States District Court for the District of Delaware, and Apotex has not challenged the venue of this District as improper in any of those cases. *See, e.g.*, *Vanda Pharms. Inc. v. Apotex Inc. et al.*, C.A. No. 18-689 (D. Del.), D.I. 15 at ¶ 33.

15. Venue is proper as to Apotex Corp. because, *inter alia*, Apotex Corp. is incorporated in Delaware and thus resides in this District. On information and belief, Apotex Corp. has also committed and/or will commit further acts of infringement in this District. Venue is proper as to Apotex Inc., *inter alia*, because it is a foreign defendant that may be sued in any judicial district.

16. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) and/or Fed. R. Civ. P. 4(k)(2).

**THE PATENT-IN-SUIT**

17. On March 5, 2024, the '556 Patent, titled "Treatment of Circadian Rhythm Disorders," was duly and legally issued by the United States Patent & Trademark Office. A copy of the '556 Patent is attached as **Exhibit A**.

18. The '556 Patent generally claims methods of treating a patient for a circadian rhythm disorder or a sleep disorder wherein the patient is being treated with a beta-adrenergic receptor antagonist (commonly called beta blockers). The methods covered by the '556 Patent involve the administering of tasimelteon, an exogenous melatonin agonist, and are intended to avoid a decrease in the efficacy of tasimelteon caused by coadministration with beta blockers.

19. The '556 Patent will expire no earlier than April 7, 2033.

20. The '556 Patent names Marlene Michelle Dressman, John Joseph Feeney, Louis William Licamele, and Mihael H. Polymeropoulos as inventors.

21. Vanda is the assignee of the ’556 Patent and owns all rights, title, and interest in the ’556 patent.

## ACTS GIVING RISE TO THIS ACTION

22. This is an action arising under the patent laws of the United States (35 U.S.C. § 100 *et seq.*) based on Apotex’s present and continuing infringement of one or more claims of the ’556 Patent.

### A. Vanda and HETLIOZ®

23. Vanda is an innovative pharmaceutical company that acquired HETLIOZ® (tasimelteon) from a large pharmaceutical company that tried, but failed, to develop it into a useful FDA-approvable therapy.

24. Under Vanda’s stewardship, and after devoting years and many millions of dollars to research, development, and regulatory processes, HETLIOZ® became the first and only FDA-approved therapy to treat two rare and orphan disorders: Non-24-Hour Sleep-Wake Disorder (Non-24) and nighttime sleep disturbances in Smith-Magenis Syndrome in patients 16 years or older.

25. Vanda holds approved New Drug Application (NDA) No. 205677 for HETLIOZ® (tasimelteon) capsules, 20 mg, approved by the FDA on January 31, 2014, for the treatment of Non-24.

26. A copy of the HETLIOZ® Prescribing Information, Revised January 2024 is attached as **Exhibit B** (HETLIOZ® Label).

27. HETLIOZ® contains the active compound tasimelteon and is available in a 20 mg strength.

28. The HETLIOZ® Label states that HETLIOZ® is indicated for the treatment of Non-24, which is a circadian rhythm disorder.

29. The HETLIOZ® Label further instructs physicians that "[t]he recommended dosage of HETLIOZ capsules in adults is 20 mg per day taken before bedtime, at the same time every night."

30. Section 7.3 of the HETLIOZ® Label states that "[b]eta-adrenergic receptor antagonists have been shown to reduce the production of melatonin via specific inhibition of beta-1 adrenergic receptors. Nighttime administration of beta-adrenergic receptor antagonists may reduce the efficacy of HETLIOZ."

31. HETLIOZ® is covered by one or more claims of the '556 patent.

32. The '556 Patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the Orange Book) in connection with NDA No. 205677 as covering HETLIOZ®.

**B. Apotex's ANDA**

33. Apotex filed Apotex's ANDA no later than January 31, 2018 to obtain approval to manufacture and sell Apotex's ANDA Product.

34. By a letter that Vanda received on or around June 15, 2022 (Apotex's 2022 Notice Letter), Apotex notified Vanda that it had submitted to the FDA Apotex's ANDA. On information and belief, the purpose of Apotex's submission of Apotex's ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use, offer for sale, and/or sale of Apotex's ANDA Product prior to April 7, 2033.

35. In Apotex's 2022 Notice Letter, Apotex notified Vanda that, as a part of Apotex's ANDA, Apotex had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to U.S. Patent No. 11,285,129, which is listed in the Orange Book in connection with HETLIOZ®, asserting that it is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Apotex's ANDA Product.

### C. Apotex's Launch of Apotex's ANDA Product and Apotex's Infringement of the '556 Patent

36. On February 3, 2020, the FDA issued a tentative approval of Apotex's ANDA to market a generic version of tasimelteon.

37. The FDA issued final approval of Apotex's ANDA to market a generic version of tasimelteon on December 20, 2022 (Apotex Final Approval Letter). A copy of the Apotex Final Approval Letter is attached as **Exhibit C**.

38. On December 27, 2022, Vanda brought suit against Apotex, asserting U.S. Patent No. 11,285,129. *See Vanda Pharms. Inc. v. Apotex Inc. et al.*, C.A. No. 23-153 (D. Del.), D.I. 1.

39. Apotex commercially launched Apotex's ANDA Product on or around January 5, 2024.

40. Apotex's Package Insert, Revised January 2024, ("Apotex's Label") was submitted to the FDA. Apotex's Package Insert, Revised January 2024 (attached as **Exhibit D**, available at https://dailymed.nlm.nih.gov/dailymed/getFile.cfm?setid=46b09064-a675-92d5-24a7-dac0410f77ae&type=pdf). Apotex's Label is available on the government website DailyMed.nlm.nih.gov, which is operated by the National Library of Medicine, National Institutes of Health. S*ee* **Exhibit E**, (available at https://dailymed.nlm.nih.gov/dailymed/about-dailymed.cfm).

The DailyMed website explains that "[t]he labeling on DailyMed is the most recent submitted labeling to the FDA by companies and currently in use." *See id.*

41. Apotex's Label, as submitted to the FDA, reports the "Marketing Start Date" for Apotex's ANDA Product as January 5, 2024. **Exhibit D** (Apotex's Label) at 14.

42. On information and belief, Apotex has actively promoted its ANDA Product, including by advertising its ANDA Product on its website. *E.g.*, Apotex, *Tasimelteon Capsules* (visited December 9, 2024), https://www.apotex.com/products/us/detail.asp?m=67796 (attached as **Exhibit F**). Apotex's website also provides a link labeled "Prescribing information" that directs visitors to a version of Apotex's Label, revised November 2022. *See id.* Additionally, upon information and belief, in accordance with applicable federal law, Apotex distributes Apotex's ANDA Product with Apotex's Label.

43. Apotex has admitted that the purpose of its Label "is to guide [] physicians." *Vanda Pharmaceuticals, Inc. v. Teva Pharmaceuticals USA, Inc., et al.*, C.A. No. 18-651 (D. Del.), D.I. 347 (attached as **Exhibit G**) at 306:23-307:14. Apotex also admitted that it expected physicians to follow the information in Apotex's Label when prescribing Apotex's ANDA Product, and Apotex admitted that Apotex's Label is supplied with Apotex's ANDA Product. *Id.* at 306:23-308:8.

44. Apotex's Label instructs prescribers to administer Apotex's ANDA Product to treat patients with Non-24, which is a circadian rhythm disorder, because Apotex's Label indicates Apotex's ANDA Product to treat this disorder. **Exhibit D** (Apotex's Label) at 1, 3.

45. "[B]eta-adrenergic receptor antagonists are widely prescribed for various clinical indications, including for the treatment of cardiovascular diseases and other conditions." *Vanda Pharms. Inc. v. Apotex Pharms. USA, Inc.*, C.A. No. 23-152 (D. Del.), D.I. 7, Attach. 2, at ¶ 51

(Declaration of Dr. Daniel Combs) (attached as **Exhibit H**). Thus, at least some patients may be using beta-adrenergic receptor antagonists when their physician is considering prescribing Apotex's ANDA Product. Apotex's Label contemplates that patients who could be prescribed Apotex's ANDA Product may be taking beta blockers because Apotex's Label contains a section titled "7.3 Beta-Adrenergic Receptor Antagonists (e.g., acebutolol, metoprolol)" in Section 7, which is the "Drug Interactions" section of Apotex's Label. **Exhibit D** (Apotex's Label) at 4-5.

46. Apotex's ANDA Product includes tasimelteon as its active ingredient. **Exhibit D** (Apotex's Label) at 1, 3. The "Dosage and Administration" section in Apotex's Label describes the recommended dosage for tasimelteon capsules and "Important Administration Information." **Exhibit D** (Apotex's Label) at 3.

47. When prescribers consider prescribing Apotex's ANDA Product to a patient who is taking beta-adrenergic receptor antagonists, on information and belief, at least some prescribers would be concerned with the beta-adrenergic receptor antagonist interaction with tasimelteon described in Apotex's Label. **Exhibit D** (Apotex's Label) at 4-5. Section 7.3 of Apotex's Label, which is part of Section 7 that is titled "Drug Interactions," explains that "[n]ighttime administration of beta-adrenergic receptor antagonists may reduce the efficacy of tasimelteon." **Exhibit D** (Apotex's Label) at 4-5. On information and belief, the negative interaction described in Apotex's Label would encourage at least some prescribers to have the patient discontinue treatment with beta-adrenergic receptor antagonists before prescribing or continuing therapy with Apotex's ANDA Product.

48. After having a patient discontinue treatment with beta-adrenergic receptor antagonists and thereby addressing that potential interaction, on information and belief, at least some

prescribers would understand, based on Apotex's Label, that Apotex's ANDA Product may be prescribed to the patient, and at least some prescribers would prescribe Apotex's ANDA Product to the patient. **Exhibit D** (Apotex's Label) at 4-5. In this scenario, the prescriber accordingly would follow the recommended dosage information in Section 2.2 of Apotex's Label, which instructs prescribers that "[t]he recommended dosage of tasimelteon capsules in adults is 20 mg one hour before bedtime, at the same time every night." **Exhibit D** (Apotex's Label) at 3. Apotex's Label thus instructs the prescriber to administer 20 mg of tasimelteon to the patient once daily. Apotex's Label also instructs that the patient be administered tasimelteon "one hour before bedtime," which is within the range of about one-half hour to about one-and-one-half hours recited in Claim 1 of the '556 Patent. Apotex's Label's instructions requiring that the tasimelteon be administered "one hour before bedtime, at the same time every night" also directs prescribers to administer tasimelteon an hour before the patient's target bedtime.

49. On information and belief, at least some prescribers would have their patients discontinue treatment with beta blockers to avoid decreased efficacy caused by coadministration of tasimelteon with beta blockers.

**D. The Prior Litigation**

50. On December 27, 2022, Vanda brought suit against Apotex, asserting U.S. Patent No. 11,285,129 (the '129 Case). *See Vanda Pharms. Inc. v. Apotex Inc. et al.*, C.A. No. 23-153 (D. Del.), D.I. 1. By the time of Vanda's suit, the '129 Patent had been timely listed in the Orange Book for HETLIOZ®. Litigation in the '129 Case between Vanda and Apotex is ongoing.

51. Vanda did not assert the '556 Patent in the '129 Case because, *inter alia*, the '129 Case was filed prior to the issuance of the '556 Patent.

**E. Apotex's Knowledge of the '556 Patent**

52. Upon information and belief, Apotex is a sophisticated manufacturer of generic pharmaceuticals, and as a regular part of Apotex's business Apotex monitors the patent portfolios for the products it manufactures, including Apotex's ANDA Product.

53. The '556 Patent issued on March 5, 2024. The final claims and notice of allowance of the '556 Patent became public as of that same date.

54. The '556 Patent is a member of the same patent family as U.S. Patent No. 11,285,129, asserted in the '129 Case, and U.S. Patent No. 10,149,829, asserted against Apotex in *Vanda Pharmaceuticals, Inc. v. Teva Pharmaceuticals USA, Inc., et al.*, C.A. No. 18-651 (D. Del.).

55. Upon information and belief, Apotex monitors the Orange Book in connection with Apotex's ANDA Product. The '556 Patent was listed in the Orange Book in connection with HETLIOZ® on April 4, 2024.

56. Given Apotex's commercial launch of Apotex's ANDA Product, Apotex's sophistication as a manufacturer of generic pharmaceuticals, the public disclosure of the claims of the '556 Patent, Apotex's prior litigation history with patents in the same family, and the '556 Patent's listing in the Orange Book, Astellas alleges, on information and belief, that Apotex has been aware of the claims of the '556 Patent relating to Apotex's ANDA Product since at least March 5, 2024.

57. Further, Apotex is aware of the '556 Patent because Vanda, through its counsel, sent a notice letter to Apotex on January 9, 2025, informing Apotex of the existence of the '556 Patent. That notice letter further set forth a representative claim of the '556 Patent and alerted

Apotex that its "continued making, using selling, importing, or offering for sale of Apotex's ANDA Product with the Apotex Label induces patients and/or healthcare providers to infringe at least" that same claim. Vanda sent this notice letter by courier to Apotex's Chief Legal Officer and Global Head of Government Relations, Francesco Tallarico, and provided a copy by email to Aaron Lukas, outside counsel known to represent Apotex with respect to intellectual property disputes concerning tasimelteon. Despite this letter, Apotex continues to encourage, recommend, instruct and/or promote health care providers to prescribe and patients to take Apotex's ANDA Product for use in a method of treating a patient for a circadian rhythm or a sleep disorder wherein the patient is being treated with a beta-adrenergic receptor antagonist, the method comprising: discontinuing treatment with the beta-adrenergic receptor antagonist; and then administering to the patient with 20 mg tasimelteon once daily about one-half hour to about one-and-one-half hours before the target bedtime; thereby avoiding decreased efficacy of tasimelteon treatment due to co-administration with the beta-adrenergic receptor antagonist in a manner that infringes at least claim 1 of the '556 Patent. A copy of the notice letter is attached as **Exhibit I**.

## **CLAIMS FOR RELIEF**
## **COUNT I**
## **(Infringement of the '556 Patent – 35 U.S.C. § 271(e))**

58. Vanda incorporates by reference and realleges paragraphs 1 through 57 above as though fully restated herein.

59. No later than January 31, 2018, Apotex submitted to the FDA Apotex's ANDA for Apotex's ANDA Product seeking authorization to commercially manufacture, use, import, offer to sell, or sell Apotex's ANDA Product in the United States.

60. Apotex's submission of Apotex's ANDA seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Apotex's ANDA Product, prior to the expiration of the '556 Patent, constitutes infringement of at least one or more claims of the '556 Patent under 35 U.S.C. § 271(e)(2)(A).

61. On information and belief, Apotex knows and intends that physicians, healthcare professionals, and/or patients prescribe or will prescribe, administer or will administer, and/or use or will use Apotex's ANDA Product according to Apotex's instructions and/or Apotex's Label in an infringing manner, and therefore induce or will induce infringement of at least one or more claims of the '556 Patent with the requisite intent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b).

62. On information and belief, Apotex is selling and offering to sell or will sell and offer to sell Apotex's ANDA Product with provided instructions and/or Apotex's Label in an infringing manner, wherein Apotex's ANDA Product is a material part of the claimed invention, wherein Apotex knows that physicians prescribe or will prescribe, healthcare providers administer or will administer, and/or patients use or will use Apotex's ANDA Product in accordance with Apotex's provided instructions and/or Apotex's Label, wherein such use directly infringes or will directly infringe at least one or more claims of the '556 Patent, and wherein generic tasimelteon capsules are not staple articles or commodities of commerce suitable for substantial non-infringing use. On information and belief, Apotex is thus contributing to or will contribute to the infringement of at least one or more claims of the '556 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(c).

63. On information and belief, Apotex's actions relating to Apotex's ANDA were done by and for the benefit of Apotex.

64. On information and belief, Apotex had knowledge of the '556 Patent on or around its issue date of March 5, 2024 or obtained such knowledge shortly thereafter. In the alternative, Apotex had actual knowledge of the '556 Patent at least by December 9, 2024, the filing date of the original complaint (D.I. 1). In the alternative, Apotex had actual knowledge of the '556 Patent at least as of the date of the notice letter sent on January 9, 2025. *See* **Exhibit I**.

65. Unless Apotex's marketing and sale of Apotex's ANDA Product prior to the expiration of the '556 Patent and all other relevant activities are enjoined by the Court, Vanda will be substantially and irreparably harmed for which, Vanda does not have an adequate remedy at law.

**COUNT II**
**(Infringement of the '556 Patent – 35 U.S.C. § 271(b-c))**

66. Vanda incorporates by reference and realleges paragraphs 1 through 65 above as though fully restated herein.

67. On or around January 5, 2024, Apotex commercially launched Apotex's ANDA Product, and Apotex continues to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of the '556 Patent.

68. On information and belief, Apotex possesses the specific intent to encourage direct infringement of the '556 Patent by others. On information and belief, Apotex had knowledge of the '556 Patent on or around its issue date of March 5, 2024 or obtained such knowledge shortly thereafter. In the alternative, Apotex had actual knowledge of the '556 Patent at least by December 9, 2024, the filing date of the original complaint (D.I. 1). In the alternative, Apotex had actual

knowledge of the ’556 Patent at least as of the date of the notice letter sent on January 9, 2025. *See* **Exhibit I**.

69. Alternatively, Apotex subjectively believed that there was a high probability that the use of Apotex’s ANDA product was protected by a valid patent, and Apotex’s encouraging, recommending, or promoting the use of Apotex’s ANDA Product would actively induce or contribute to the infringement of the patent, but took deliberate steps to avoid confirming those facts, and therefore willfully blinded itself to the infringing nature of the use of Apotex’s ANDA Product.

70. On information and belief, Apotex knows and intends that physicians, healthcare professionals, and/or patients prescribe, administer, and/or use Apotex’s ANDA Product according to Apotex’s instructions and/or Apotex’s Label in an infringing manner, and therefore induces infringement of at least one or more claims of the ’556 Patent with the requisite intent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b).

71. On information and belief, Apotex is selling and offering to sell Apotex’s ANDA Product with provided instructions and/or Apotex’s Label in an infringing manner, wherein Apotex’s ANDA Product is a material part of the claimed invention, wherein Apotex knows that physicians prescribe, healthcare providers administer, and/or patients use Apotex’s ANDA Product in accordance with Apotex’s provided instructions and/or Apotex’s Label, wherein such use directly infringes at least one or more claims of the ’556 Patent, and wherein generic tasimelteon capsules are not staple articles or commodities of commerce suitable for substantial non-infringing use. On information and belief, Apotex is thus contributing to the infringement of at least one or more claims of the ’556 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(c).

72. On information and belief, Apotex knew that the administration or use of Apotex's ANDA product would result in one or more act(s) of direct infringement of the '556 Patent, and that Apotex's encouraging, recommending, or promoting would actively induce or contribute to direct infringement of the '556 Patent. On information and belief, despite such knowledge, Apotex has been and is actively inducing or contributing to the infringement of the '556 Patent by others and is doing so willfully and deliberately.

73. The manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Apotex's ANDA Product before the expiration of the '556 Patent will cause and has caused damage to Vanda, entitling Vanda to damages or monetary relief.

74. Unless Apotex's marketing and sale of Apotex's ANDA Product prior to the expiration of the '556 Patent and all other relevant activities are enjoined by the Court, Vanda will be substantially and irreparably harmed for which, Vanda does not have an adequate remedy at law.

75. Vanda has suffered lost profits and will continue to suffer lost profits for its HETLIOZ® product because of Apotex's infringing acts with respect to Apotex's ANDA Product, including sales that would have been made by Vanda that were either lost as a result of Apotex's infringement or were made at eroded prices because of Apotex's infringement. These lost profits have caused and will cause a loss in revenue available to Vanda for reinvestment, including, *inter alia*, in research and development opportunities, resulting in long term damage to Vanda's product pipeline and future profits. But for Apotex's infringement, Vanda would not have suffered injury, entitling Vanda to damages in the form of lost profits resulting from at least diverted sales and price erosion, future lost profits due to the curtailment of Vanda's research and development programs, and, in no event, less than a reasonable royalty under 35 U.S.C. § 284.

## JURY DEMAND

76. Vanda respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Vanda prays for a judgment in its favor and against Apotex, and respectfully requests the following relief

a. A judgment that Apotex's submission and maintenance of Apotex's ANDA constituted an act of infringement of the '556 Patent;

b. A judgment that Apotex induces infringement of the '556 Patent;

c. A judgment that Apotex contributes to the infringement of the '556 Patent;

d. A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Apotex, its affiliates, subsidiaries, and each of its officers, agents, attorneys and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Apotex's ANDA Product until the expiration of the '556 Patent, including any extensions and/or periods of exclusivity to which Vanda and/or the '556 Patent are or become entitled;

e. An order pursuant to 35 U.S.C. § 271(e)(4)(A) directing FDA to rescind the final approval of the Apotex ANDA and that the effective date of any approval of the Apotex ANDA be a date not earlier than midnight on April 7, 2033 corresponding to the expiration of the '556 Patent, including any extensions and/or other periods of exclusivity to which Vanda and/or the '556 Patent are or become entitled;

f. An order requiring Apotex to take reasonable steps to recall Apotex's ANDA Product from the market;

g. An award of damages pursuant to 35 U.S.C. §§ 271(e)(4)(c) and/or 284 plus pre-judgment and post-judgment interest, including a trebling of damages for Apotex's willful infringement;

h. A declaration that this case is "exceptional" within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees, costs, expenses, and disbursements of this action; and

i. Such other and further relief as the Court may deem just and proper.

Dated: January 23, 2025

MCCARTER & ENGLISH, LLP

*<u>/s/ Daniel M. Silver</u>*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff*
*Vanda Pharmaceuticals Inc.*

*Of Counsel:*

Paul W. Hughes
Sarah P. Hogarth
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
phughes@mwe.com
shogarth@mwe.com

Jason Leonard
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017-3852
(212) 547-5400
jleonard@mwe.com