**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VANDA PHARMACEUTICALS INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 24-1344-JLH |
| APOTEX INC. and APOTEX CORP., Defendants. | ) | |

**DEFENDANTS APOTEX INC. AND APOTEX CORP.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF VANDA PHARMACEUTICALS INC.'S FIRST AMENDED COMPLAINT**

Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex"), by and through their undersigned counsel, submit this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Vanda Pharmaceuticals Inc.'s ("Vanda") First Amended Complaint (D.I. 6). Pursuant to Fed. R. Civ. P. 8(b)(3), Apotex denies all allegations and characterizations in Vanda's First Amended Complaint except those specifically admitted in the following paragraphs. Apotex further denies liability for all allegations of patent liability and/or that Vanda is entitled to the relief requested or any other relief. In responding to the First Amended Complaint, Apotex uses the headings employed by Vanda strictly as a convenience to the Court, and does not admit any allegation made in, or inference suggested by, such headings. Apotex answers the numbered paragraphs of Vanda's First Amended Complaint as follows:

**ANSWER TO "FIRST AMENDED COMPLAINT"**

Vanda's introductory paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that Vanda purports to bring a patent infringement action against Apotex alleging infringement of U.S. Patent

No. 11,918,556 (“the ’556 patent”) related to Apotex’s Abbreviated New Drug Application No. 211607 (“Apotex’s ANDA”) for tasimelteon (20 mg) oral capsules, which the FDA approved on December 20, 2022, and Apotex’s sales of products under ANDA No. 211607. Except as expressly admitted, Apotex denies the remaining allegations of the introductory paragraph.

**ANSWER TO “THE PARTIES”**

1. Plaintiff Vanda is a pharmaceutical company with its principal place of business at 2200 Pennsylvania Ave. NW, Suite 300E, Washington, DC, 20037.

**ANSWER:** On information and belief, Apotex admits the allegations of Paragraph 1.

2. On information and belief, Apotex Inc. is a Canadian corporation with its principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.

**ANSWER:** Admitted.

3. On information and belief, Apotex Corp. is a Delaware corporation with its principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

**ANSWER:** Admitted.

4. On information and belief, Apotex Corp. is the designated U.S. agent for Apotex Inc. in accordance with 21 C.F.R. § 314.50(a) in connection with Apotex’s ANDA.

**ANSWER:** Paragraph 4 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that Apotex Corp. is designated as Apotex Inc.’s agent for ANDA No. 211607. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 4.

5. On information and belief, Apotex Corp. is a generic pharmaceutical company that distributes and sells generic pharmaceutical products in the State of Delaware and throughout the United States that are manufactured by Apotex Inc.

**ANSWER:** Apotex admits that Apotex Corp. distributes and sells high quality generic pharmaceutical products manufactured by, *inter alia*, Apotex Inc. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 5.

> 6. On information and belief, Apotex Inc. and Apotex Corp. acted collaboratively in the preparation and submission of Apotex's ANDA, and the making, using, selling, offering to sell, and/or importing of Apotex's ANDA Product.

**ANSWER:** Paragraph 6 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that Apotex Inc. and Apotex Corp. acted collaboratively in the preparation and submission of Apotex's ANDA. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 6.

> 7. On information and belief, Apotex Inc. and Apotex Corp. worked, and will work, in concert with one another to make, use, offer to sell, and/or sell Apotex's ANDA Product throughout the United States, and/or import Apotex's ANDA Product into the United States, including in this judicial district.

**ANSWER:** Paragraph 7 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 7.

## ANSWER TO "JURISDICTION AND VENUE"

> 8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Paragraph 8 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex does not contest that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and/or 1338(a). Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 8.

> 9. This Court has personal jurisdiction over each Defendant because, among other things, each Defendant has committed, aided, abetted, contributed to, or participated in the commission of tortious acts of patent infringement by, *inter alia*, filing an ANDA, receiving final approval to market Apotex's ANDA Product that is the subject of Apotex's ANDA, and/or making, using, importing, offering for

> sale, and selling Apotex's ANDA Product, which has led and will lead to foreseeable harm and injury to Vanda.

**ANSWER:** Paragraph 9 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 9.

> 10. This Court also has personal jurisdiction over Apotex Corp. by virtue of Apotex Corp.'s incorporation in the State of Delaware. Further, each Defendant's affiliations with the State of Delaware are so continuous and systematic as to render each Defendant essentially at home in this forum, and Apotex Inc. is a foreign defendant that is not subject to jurisdiction in any state's courts of general jurisdiction, making this Court a proper venue for personal jurisdiction.

**ANSWER:** Paragraph 10 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 10.

> 11. The Court also has personal jurisdiction over each Defendant because, *inter alia*, each Defendant has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. Upon information and belief, each Defendant regularly and continuously transacts business within Delaware, including by selling pharmaceutical products including Apotex's ANDA Product in Delaware, either on its own or through its affiliates. Upon information and belief, each Defendant derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business in Delaware.

**ANSWER:** Paragraph 11 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 11.

> 12. This Court also has personal jurisdiction over each Defendant because each Defendant has frequently availed itself of the legal protections of the State of Delaware, by, among other things, admitting jurisdiction and/or asserting

> counterclaims in lawsuits filed in the United States District Court for the District of Delaware. *See, e.g., Gilead Scis., Inc. et al. v. Lupin Ltd. et al.*, C.A. No. 21-1621-MN (D. Del.), D.I. 163; *Teva Pharms. Int'l GmbH et al. v. Apotex Inc. et al.*, C.A. No. 17-1164-CFC (D. Del.), D.I. 17.

**ANSWER:** Paragraph 12 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 12.

> 13. For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over each Defendant.

**ANSWER:** Paragraph 13 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 13.

> 14. Apotex has litigated multiple cases relating to Apotex's ANDA Product in the United States District Court for the District of Delaware, and Apotex has not challenged the venue of this District as improper in any of those cases. *See, e.g., Vanda Pharms. Inc. v. Apotex Inc. et al.*, C.A. No. 18-689 (D. Del.), D.I. 15 at ¶ 33.

**ANSWER:** Paragraph 14 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex does not contest venue in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 14.

> 15. Venue is proper as to Apotex Corp. because, inter alia, Apotex Corp. is incorporated in Delaware and thus resides in this District. On information and belief, Apotex Corp. has also committed and/or will commit further acts of infringement in this District. Venue is proper as to Apotex Inc., inter alia, because it is a foreign defendant that may be sued in any judicial district.

**ANSWER:** Paragraph 15 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex does not contest venue in this Court for

the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 15.

> 16. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) and/or Fed. R. Civ. P. 4(k)(2).

**ANSWER:** Paragraph 16 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex does not contest venue in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 16.

**ANSWER TO "THE PATENT-IN-SUIT"**

> 17. On March 5, 2024, the '556 Patent, titled "Treatment of Circadian Rhythm Disorders," was duly and legally issued by the United States Patent & Trademark Office. A copy of the '556 Patent is attached as **Exhibit A**.

**ANSWER:** Apotex admits that the '556 patent is titled "Treatment of Circadian Rhythm Disorders," and that the '556 patent was issued by the U.S. Patent and Trademark Office ("USPTO") on March 5, 2024. Apotex further admits that what appears to be an uncertified copy of the '556 patent was attached to Vanda's First Amended Complaint as Exhibit A. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 17.

> 18. The '556 Patent generally claims methods of treating a patient for a circadian rhythm disorder or a sleep disorder wherein the patient is being treated with a beta-adrenergic receptor antagonist (commonly called beta blockers). The methods covered by the '556 Patent involve the administering of tasimelteon, an exogenous melatonin agonist, and are intended to avoid a decrease in the efficacy of tasimelteon caused by coadministration with beta blockers.

**ANSWER:** Paragraph 18 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 18.

> 19. The '556 Patent will expire no earlier than April 7, 2033.

**ANSWER:** Admitted.

> 20. The ’556 Patent names Marlene Michelle Dressman, John Joseph Feeney, Louis William Licamele, and Mihael H. Polymeropoulos as inventors.

**ANSWER:** Admitted.

> 21. Vanda is the assignee of the ’556 Patent and owns all rights, title, and interest in the ’556 patent.

**ANSWER:** Apotex admits that, according to the electronic records of the U.S. Patent Office, Vanda is listed as the assignee of the ’556 patent. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 21.

## ANSWER TO “ACTS GIVING RISE TO THIS ACTION”

> 22. This is an action arising under the patent laws of the United States (35 U.S.C. § 100 *et seq.*) based on Apotex’s present and continuing infringement of one or more claims of the ’556 Patent.

**ANSWER:** Paragraph 22 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that Vanda purports to bring this action under 35 U.S.C. § 100, *et seq*. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 22.

## ANSWER TO “A. Vanda and HETLIOZ®”

> 23. Vanda is an innovative pharmaceutical company that acquired HETLIOZ® (tasimelteon) from a large pharmaceutical company that tried, but failed, to develop it into a useful FDA-approvable therapy.

**ANSWER:** Apotex admits that Vanda acquired a license from Bristol-Myers Squibb Co. to commercially develop tasimelteon. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 23.

> 24. Under Vanda’s stewardship, and after devoting years and many millions of dollars to research, development, and regulatory processes, HETLIOZ® became the first and only FDA-approved therapy to treat two rare and orphan disorders: Non-24-Hour Sleep-Wake Disorder (Non-24) and nighttime sleep disturbances in Smith-Magenis Syndrome in patients 16 years or older.

**ANSWER:** Apotex admits that Hetlioz® is approved by FDA as being "indicated for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24) in adults, and Nighttime sleep disturbances in Smith-Magenis Syndrome (SMS) in patients 16 years of age and older." Apotex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24, and therefore denies the same.

25. Vanda holds approved New Drug Application (NDA) No. 205677 for HETLIOZ® (tasimelteon) capsules, 20 mg, approved by the FDA on January 31, 2014, for the treatment of Non-24.

**ANSWER:** Admitted.

26. A copy of the HETLIOZ® Prescribing Information, Revised January 2024 is attached as **Exhibit B** (HETLIOZ® Label).

**ANSWER:** Apotex admits that what appears to be a copy of the Hetlioz® label was attached to Vanda's First Amended Complaint as Exhibit B. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 26.

27. HETLIOZ® contains the active compound tasimelteon and is available in a 20 mg strength.

**ANSWER:** Admitted.

28. The HETLIOZ® Label states that HETLIOZ® is indicated for the treatment of Non-24, which is a circadian rhythm disorder.

**ANSWER:** Apotex admits that the FDA-approved package insert and labeling for Hetlioz® (tasimelteon) capsules, 20 mg states that "HETLIOZ capsules are indicated for the treatment of Non-24 in adults." Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 28.

29. The HETLIOZ® Label further instructs physicians that "[t]he recommended dosage of HETLIOZ capsules in adults is 20 mg per day taken before bedtime, at the same time every night."

**ANSWER:** Apotex admits that the FDA-approved package insert and labeling for Hetlioz® (tasimelteon) capsules, 20 mg states that "[t]he recommended dosage of HETLIOZ capsules in adults is 20 mg one hour before bedtime, at the same time every night." Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 29.

> 30. Section 7.3 of the HETLIOZ® Label states that "[b]eta-adrenergic receptor antagonists have been shown to reduce the production of melatonin via specific inhibition of beta-1 adrenergic receptors. Nighttime administration of beta-adrenergic receptor antagonists may reduce the efficacy of HETLIOZ."

**ANSWER:** Admitted.

> 31. HETLIOZ® is covered by one or more claims of the '556 patent.

**ANSWER:** Paragraph 31 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 31.

> 32. The '556 Patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the Orange Book) in connection with NDA No. 205677 as covering HETLIOZ®.

**ANSWER:** Apotex admits that, the '556 patent is listed in the FDA's electronic publication "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") in connection with NDA No. 205677. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 32.

**ANSWER TO "B. Apotex's ANDA"**

> 33. Apotex filed Apotex's ANDA no later than January 31, 2018 to obtain approval to manufacture and sell Apotex's ANDA Product.

**ANSWER:** Apotex admits that it filed Apotex's ANDA with the FDA on January 31, 2018, seeking approval to engage in the commercial manufacture, use, offer to sell, sale within the United States, or importation into the United States of a tasimelteon 20 mg oral capsule product. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 33.

> 34. By a letter that Vanda received on or around June 15, 2022 (Apotex's 2022 Notice Letter), Apotex notified Vanda that it had submitted to the FDA Apotex's ANDA. On information and belief, the purpose of Apotex's submission of Apotex's ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use, offer for sale, and/or sale of Apotex's ANDA Product prior to April 7, 2033.

**ANSWER:** Paragraph 34 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that, by letter dated June 15, 2022, Apotex sent Vanda notice that complied with the requirements of 21 U.S.C. § 355(j)(2)(B) et seq. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 34.

> 35. In Apotex's 2022 Notice Letter, Apotex notified Vanda that, as a part of Apotex's ANDA, Apotex had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to U.S. Patent No. 11,285,129, which is listed in the Orange Book in connection with HETLIOZ®, asserting that it is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Apotex's ANDA Product.

**ANSWER:** Paragraph 35 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that Apotex's ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) concerning U.S. Patent No. 11,285,129. The content of that certification speaks for itself. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 35.

**ANSWER TO "C. Apotex's Launch of Apotex's ANDA Product and Apotex's Infringement of the '556 Patent"**

> 36. On February 3, 2020, the FDA issued a tentative approval of Apotex's ANDA to market a generic version of tasimelteon.

**ANSWER:** Admitted.

> 37. The FDA issued final approval of Apotex's ANDA to market a generic version of tasimelteon on December 20, 2022 (Apotex Final Approval Letter). A copy of the Apotex Final Approval Letter is attached as **Exhibit C**.

**ANSWER:** Admitted.

> 38. On December 27, 2022, Vanda brought suit against Apotex, asserting U.S. Patent No. 11,285,129. *See Vanda Pharms. Inc. v. Apotex Inc. et al.*, C.A. No. 23-153 (D. Del.), D.I. 1.

**ANSWER:** Admitted.

> 39. Apotex commercially launched Apotex's ANDA Product on or around January 5, 2024.

**ANSWER:** Admitted.

> 40. Apotex's Package Insert, Revised January 2024, ("Apotex's Label") was submitted to the FDA. Apotex's Package Insert, Revised January 2024 (attached as **Exhibit D**, available at https://dailymed.nlm.nih.gov/dailymed/getFile.cfm?setid=46b09064-a675-92d5-24a7-dac0410f77ae&type=pdf). Apotex's Label is available on the government website DailyMed.nlm.nih.gov, which is operated by the National Library of Medicine, National Institutes of Health. See **Exhibit E**, (available at https://dailymed.nlm.nih.gov/dailymed/about-dailymed.cfm). The DailyMed website explains that "[t]he labeling on DailyMed is the most recent submitted labeling to the FDA by companies and currently in use." *See id.*

**ANSWER:** Apotex admits that it submitted its Package Insert to FDA and that its label is available on the government website DailyMed.nlm.nih.gov. The content of the DailyMed website speaks for itself. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 42.

> 41. Apotex's Label, as submitted to the FDA, reports the "Marketing Start Date" for Apotex's ANDA Product as January 5, 2024. **Exhibit D** (Apotex's Label) at 14.

**ANSWER:** Apotex admits that on page 14 of Exhibit D under the section "Marketing Information" in the column titled "Marketing Start Date," it states 01/05/2024. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 41.

> 42. On information and belief, Apotex has actively promoted its ANDA Product, including by advertising its ANDA Product on its website. *E.g.*, Apotex, *Tasimelteon Capsules* (visited December 9, 2024), https://www.apotex.com/products/us/detail.asp?m=67796 (attached as **Exhibit** F). Apotex's website also provides a link labeled "Prescribing information" that directs visitors to a version of Apotex's Label, revised November 2022. *See id.*

> Additionally, upon information and belief, in accordance with applicable federal law, Apotex distributes Apotex's ANDA Product with Apotex's Label.

**ANSWER:** Paragraph 42 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the content of Apotex's website speaks for itself. Apotex admits that in accordance with applicable federal law, Apotex distributes Apotex's ANDA Product with an FDA approved label. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 42.

> 43. Apotex has admitted that the purpose of its Label "is to guide [] physicians." *Vanda Pharmaceuticals, Inc. v. Teva Pharmaceuticals USA, Inc., et al.*, C.A. No. 18-651 (D. Del.), D.I. 347 (attached as **Exhibit G**) at 306:23-307:14. Apotex also admitted that it expected physicians to follow the information in Apotex's Label when prescribing Apotex's ANDA Product, and Apotex admitted that Apotex's Label is supplied with Apotex's ANDA Product. *Id.* at 306:23-308:8.

**ANSWER:** Paragraph 43 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the content of the excerpted trial transcript from *Vanda Pharmaceuticals, Inc. v. Teva Pharmaceuticals USA, Inc., et al.*, C.A. No. 18-651 (D. Del.) speaks for itself. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 43.

> 44. Apotex's Label instructs prescribers to administer Apotex's ANDA Product to treat patients with Non-24, which is a circadian rhythm disorder, because Apotex's Label indicates Apotex's ANDA Product to treat this disorder. **Exhibit D** (Apotex's Label) at 1, 3.

**ANSWER:** Apotex admits that Apotex's ANDA is approved by the FDA "for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24)." Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 44.

> 45. "[B]eta-adrenergic receptor antagonists are widely prescribed for various clinical indications, including for the treatment of cardiovascular diseases and other conditions." *Vanda Pharms. Inc. v. Apotex Pharms. USA, Inc.*, C.A. No. 23-152 (D. Del.), D.I. 7, Attach. 2, at ¶ 51 (Declaration of Dr. Daniel Combs) (attached as **Exhibit H**). Thus, at least some patients may be using beta-adrenergic receptor antagonists when their physician is considering prescribing Apotex's ANDA

> Product. Apotex's Label contemplates that patients who could be prescribed Apotex's ANDA Product may be taking beta blockers because Apotex's Label contains a section titled "7.3 Beta-Adrenergic Receptor Antagonists (e.g., acebutolol, metoprolol)" in Section 7, which is the "Drug Interactions" section of Apotex's Label. **Exhibit D** (Apotex's Label) at 4-5.

**ANSWER:** The content of Apotex's label for its tasimelteon (20 mg) oral capsule product is solely intended to comply with FDA's regulations. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 45.

> 46. Apotex's ANDA Product includes tasimelteon as its active ingredient. **Exhibit D** (Apotex's Label) at 1, 3. The "Dosage and Administration" section in Apotex's Label describes the recommended dosage for tasimelteon capsules and "Important Administration Information." **Exhibit D** (Apotex's Label) at 3.

**ANSWER:** The content of Apotex's label for its tasimelteon (20 mg) oral capsule product is solely intended to comply with FDA's regulations. The content of Apotex's label speaks for itself. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 46.

> 47. When prescribers consider prescribing Apotex's ANDA Product to a patient who is taking beta-adrenergic receptor antagonists, on information and belief, at least some prescribers would be concerned with the beta-adrenergic receptor antagonist interaction with tasimelteon described in Apotex's Label. **Exhibit D** (Apotex's Label) at 4-5. Section 7.3 of Apotex's Label, which is part of Section 7 that is titled "Drug Interactions," explains that "[n]ighttime administration of beta-adrenergic receptor antagonists may reduce the efficacy of tasimelteon." **Exhibit D** (Apotex's Label) at 4-5. On information and belief, the negative interaction described in Apotex's Label would encourage at least some prescribers to have the patient discontinue treatment with beta-adrenergic receptor antagonists before prescribing or continuing therapy with Apotex's ANDA Product.

**ANSWER:** Paragraph 47 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the content of Apotex's label for its tasimelteon (20 mg) oral capsule product is solely intended to comply with FDA's regulations. The content of Apotex's label speaks for itself. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 47.

> 48. After having a patient discontinue treatment with beta-adrenergic receptor antagonists and thereby addressing that potential interaction, on information and

> belief, at least some prescribers would understand, based on Apotex's Label, that Apotex's ANDA Product may be prescribed to the patient, and at least some prescribers would prescribe Apotex's ANDA Product to the patient. **Exhibit D** (Apotex's Label) at 4-5. In this scenario, the prescriber accordingly would follow the recommended dosage information in Section 2.2 of Apotex's Label, which instructs prescribers that "[t]he recommended dosage of tasimelteon capsules in adults is 20 mg one hour before bedtime, at the same time every night." **Exhibit D** (Apotex's Label) at 3. Apotex's Label thus instructs the prescriber to administer 20 mg of tasimelteon to the patient once daily. Apotex's Label also instructs that the patient be administered tasimelteon "one hour before bedtime," which is within the range of about one-half hour to about one-and-one-half hours recited in Claim 1 of the '556 Patent. Apotex's Label's instructions requiring that the tasimelteon be administered "one hour before bedtime, at the same time every night" also directs prescribers to administer tasimelteon an hour before the patient's target bedtime.

**ANSWER:** Paragraph 48 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the content of Apotex's label for its tasimelteon (20 mg) oral capsule product is solely intended to comply with FDA's regulations. The content of Apotex's label speaks for itself. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 48.

> 49. On information and belief, at least some prescribers would have their patients discontinue treatment with beta blockers to avoid decreased efficacy caused by coadministration of tasimelteon with beta blockers.

**ANSWER:** Paragraph 49 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 49.

## ANSWER TO "D. Prior Litigation"

> 50. On December 27, 2022, Vanda brought suit against Apotex, asserting U.S. Patent No. 11,285,129 (the '129 Case). *See Vanda Pharms. Inc. v. Apotex Inc. et al.*, C.A. No. 23-153 (D. Del.), D.I. 1. By the time of Vanda's suit, the '129 Patent had been timely listed in the Orange Book for HETLIOZ®. Litigation in the '129 Case between Vanda and Apotex is ongoing.

**ANSWER:** Apotex admits that on December 27, 2022, Vanda brought suit against Apotex, asserting U.S. Patent No. 11,285,129 (the '129 Case). Apotex admits that litigation in the

’129 Case between Vanda and Apotex is ongoing. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 50.

> 51. Vanda did not assert the ’556 Patent in the ’129 Case because, *inter alia*, the ’129 Case was filed prior to the issuance of the ’556 Patent.

**ANSWER:** Paragraph 51 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 51.

**ANSWER TO “E. Apotex’s Knowledge of the ’556 Patent”**

> 52. Upon information and belief, Apotex is a sophisticated manufacturer of generic pharmaceuticals, and as a regular part of Apotex’s business Apotex monitors the patent portfolios for the products it manufactures, including Apotex’s ANDA Product.

**ANSWER:** Paragraph 52 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 52.

> 53. The ’556 Patent issued on March 5, 2024. The final claims and notice of allowance of the ’556 Patent became public as of that same date.

**ANSWER:** Admitted.

> 54. The ’556 Patent is a member of the same patent family as U.S. Patent No. 11,285,129, asserted in the ’129 Case, and U.S. Patent No. 10,149,829, asserted against Apotex in *Vanda Pharmaceuticals, Inc. v. Teva Pharmaceuticals USA, Inc., et al.*, C.A. No. 18-651 (D. Del.).

**ANSWER:** Paragraph 54 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 54.

> 55. Upon information and belief, Apotex monitors the Orange Book in connection with Apotex’s ANDA Product. The ’556 Patent was listed in the Orange Book in connection with HETLIOZ® on April 4, 2024.

**ANSWER:** Paragraph 55 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 55.

> 56. Given Apotex’s commercial launch of Apotex’s ANDA Product, Apotex’s sophistication as a manufacturer of generic pharmaceuticals, the public disclosure of the claims of the ’556 Patent, Apotex’s prior litigation history with patents in the

> same family, and the ’556 Patent’s listing in the Orange Book, Astellas alleges, on information and belief, that Apotex has been aware of the claims of the ’556 Patent relating to Apotex’s ANDA Product since at least March 5, 2024.

**ANSWER:** Paragraph 56 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 56.

> 57. Further, Apotex is aware of the ’556 Patent because Vanda, through its counsel, sent a notice letter to Apotex on January 9, 2025, informing Apotex of the existence of the ’556 Patent. That notice letter further set forth a representative claim of the ’556 Patent and alerted Apotex that its “continued making, using selling, importing, or offering for sale of Apotex’s ANDA Product with the Apotex Label induces patients and/or healthcare providers to infringe at least” that same claim. Vanda sent this notice letter by courier to Apotex’s Chief Legal Officer and Global Head of Government Relations, Francesco Tallarico, and provided a copy by email to Aaron Lukas, outside counsel known to represent Apotex with respect to intellectual property disputes concerning tasimelteon. Despite this letter, Apotex continues to encourage, recommend, instruct and/or promote health care providers to prescribe and patients to take Apotex’s ANDA Product for use in a method of treating a patient for a circadian rhythm or a sleep disorder wherein the patient is being treated with a beta-adrenergic receptor antagonist, the method comprising: discontinuing treatment with the beta-adrenergic receptor antagonist; and then administering to the patient with 20 mg tasimelteon once daily about one-half hour to about one-and-one-half hours before the target bedtime; thereby avoiding decreased efficacy of tasimelteon treatment due to coadministration with the beta-adrenergic receptor antagonist in a manner that infringes at least claim 1 of the ’556 Patent. A copy of the notice letter is attached as **Exhibit I**.

**ANSWER:** Paragraph 57 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 57.

## ANSWER TO “CLAIMS FOR RELIEF”

## ANSWER TO “COUNT I (Infringement of the ’556 Patent – 35 U.S.C. § 271(e))”

> 58. Vanda incorporates by reference and realleges paragraphs 1 through 57 above as though fully restated herein.

**ANSWER:** Apotex incorporates and realleges each of its responses to paragraphs 1 through 57 as though fully set forth herein.

> 59. No later than January 31, 2018, Apotex submitted to the FDA Apotex’s ANDA for Apotex’s ANDA Product seeking authorization to commercially

> manufacture, use, import, offer to sell, or sell Apotex's ANDA Product in the United States.

**ANSWER:** Apotex admits that it filed Apotex's ANDA with the FDA on January 31, 2018, seeking approval to engage in the commercial manufacture, use, offer to sell, sale within the United States, or importation into the United States of Apotex's ANDA Product. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 59.

> 60. Apotex's submission of Apotex's ANDA seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Apotex's ANDA Product, prior to the expiration of the '556 Patent, constitutes infringement of at least one or more claims of the '556 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** Paragraph 60 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 60.

> 61. On information and belief, Apotex knows and intends that physicians, healthcare professionals, and/or patients prescribe or will prescribe, administer or will administer, and/or use or will use Apotex's ANDA Product according to Apotex's instructions and/or Apotex's Label in an infringing manner, and therefore induce or will induce infringement of at least one or more claims of the '556 Patent with the requisite intent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b).

**ANSWER:** Paragraph 61 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 61.

> 62. On information and belief, Apotex is selling and offering to sell or will sell and offer to sell Apotex's ANDA Product with provided instructions and/or Apotex's Label in an infringing manner, wherein Apotex's ANDA Product is a material part of the claimed invention, wherein Apotex knows that physicians prescribe or will prescribe, healthcare providers administer or will administer, and/or patients use or will use Apotex's ANDA Product in accordance with Apotex's provided instructions and/or Apotex's Label, wherein such use directly infringes or will directly infringe at least one or more claims of the '556 Patent, and wherein generic tasimelteon capsules are not staple articles or commodities of commerce suitable for substantial non-infringing use. On information and belief, Apotex is thus contributing to or will contribute to the infringement of at least one or more claims of the '556 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(c).

**ANSWER:** Paragraph 62 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 62.

> 63. On information and belief, Apotex's actions relating to Apotex's ANDA were done by and for the benefit of Apotex.

**ANSWER:** Paragraph 63 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 63.

> 64. On information and belief, Apotex had knowledge of the '556 Patent on or around its issue date of March 5, 2024 or obtained such knowledge shortly thereafter. In the alternative, Apotex had actual knowledge of the '556 Patent at least by December 9, 2024, the filing date of the original complaint (D.I. 1). In the alternative, Apotex had actual knowledge of the '556 Patent at least as of the date of the notice letter sent on January 9, 2025. See **Exhibit I**.

**ANSWER:** Paragraph 64 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits Vanda filed the complaint alleging infringement of the '556 patent on December 9, 2024. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 64.

> 65. Unless Apotex's marketing and sale of Apotex's ANDA Product prior to the expiration of the '556 Patent and all other relevant activities are enjoined by the Court, Vanda will be substantially and irreparably harmed for which, Vanda does not have an adequate remedy at law.

**ANSWER:** Paragraph 65 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 65.

**ANSWER TO "COUNT II (Infringement of the '556 Patent – 35 U.S.C. § 271(b-c))"**

> 66. Vanda incorporates by reference and realleges paragraphs 1 through 65 above as though fully restated herein.

**ANSWER:** Apotex incorporates and realleges each of its responses to paragraphs 1 through 65 as though fully set forth herein.

> 67. On or around January 5, 2024, Apotex commercially launched Apotex's ANDA Product, and Apotex continues to engage in the commercial manufacture,

> use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of the '556 Patent.

**ANSWER:** Apotex admits that on or around January 5, 2024, Apotex commercially launched Apotex's ANDA Product. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 67.

> 68. On information and belief, Apotex possesses the specific intent to encourage direct infringement of the '556 Patent by others. On information and belief, Apotex had knowledge of the '556 Patent on or around its issue date of March 5, 2024 or obtained such knowledge shortly thereafter. In the alternative, Apotex had actual knowledge of the '556 Patent at least by December 9, 2024, the filing date of the original complaint (D.I. 1). In the alternative, Apotex had actual knowledge of the '556 Patent at least as of the date of the notice letter sent on January 9, 2025. *See* **Exhibit I**.

**ANSWER:** Paragraph 68 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 68.

> 69. Alternatively, Apotex subjectively believed that there was a high probability that the use of Apotex's ANDA product was protected by a valid patent, and Apotex's encouraging, recommending, or promoting the use of Apotex's ANDA Product would actively induce or contribute to the infringement of the patent, but took deliberate steps to avoid confirming those facts, and therefore willfully blinded itself to the infringing nature of the use of Apotex's ANDA Product.

**ANSWER:** Paragraph 69 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 69.

> 70. On information and belief, Apotex knows and intends that physicians, healthcare professionals, and/or patients prescribe, administer, and/or use Apotex's ANDA Product according to Apotex's instructions and/or Apotex's Label in an infringing manner, and therefore induces infringement of at least one or more claims of the '556 Patent with the requisite intent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b).

**ANSWER:** Paragraph 70 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 70.

> 71. On information and belief, Apotex is selling and offering to sell Apotex's ANDA Product with provided instructions and/or Apotex's Label in an infringing

> manner, wherein Apotex's ANDA Product is a material part of the claimed invention, wherein Apotex knows that physicians prescribe, healthcare providers administer, and/or patients use Apotex's ANDA Product in accordance with Apotex's provided instructions and/or Apotex's Label, wherein such use directly infringes at least one or more claims of the '556 Patent, and wherein generic tasimelteon capsules are not staple articles or commodities of commerce suitable for substantial non-infringing use. On information and belief, Apotex is thus contributing to the infringement of at least one or more claims of the '556 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(c).

**ANSWER:** Paragraph 71 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 71.

> 72. On information and belief, Apotex knew that the administration or use of Apotex's ANDA product would result in one or more act(s) of direct infringement of the '556 Patent, and that Apotex's encouraging, recommending, or promoting would actively induce or contribute to direct infringement of the '556 Patent. On information and belief, despite such knowledge, Apotex has been and is actively inducing or contributing to the infringement of the '556 Patent by others and is doing so willfully and deliberately.

**ANSWER:** Paragraph 72 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 72.

> 73. The manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Apotex's ANDA Product before the expiration of the '556 Patent will cause and has caused damage to Vanda, entitling Vanda to damages or monetary relief.

**ANSWER:** Paragraph 73 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 73.

> 74. Unless Apotex's marketing and sale of Apotex's ANDA Product prior to the expiration of the '556 Patent and all other relevant activities are enjoined by the Court, Vanda will be substantially and irreparably harmed for which, Vanda does not have an adequate remedy at law.

**ANSWER:** Paragraph 74 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 74.

> 75. Vanda has suffered lost profits and will continue to suffer lost profits for its HETLIOZ® product because of Apotex's infringing acts with respect to Apotex's ANDA Product, including sales that would have been made by Vanda that were

> either lost as a result of Apotex's infringement or were made at eroded prices because of Apotex's infringement. These lost profits have caused and will cause a loss in revenue available to Vanda for reinvestment, including, *inter alia*, in research and development opportunities, resulting in long term damage to Vanda's product pipeline and future profits. But for Apotex's infringement, Vanda would not have suffered injury, entitling Vanda to damages in the form of lost profits resulting from at least diverted sales and price erosion, future lost profits due to the curtailment of Vanda's research and development programs, and, in no event, less than a reasonable royalty under 35 U.S.C. § 284.

**ANSWER:** Paragraph 75 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 75.

## ANSWER TO "JURY DEMAND"

76. Vanda respectfully requests a trial by jury on all issues so triable.

**ANSWER:** Apotex admits that Vanda's First Amended Complaint purports to demand a trial by jury of all issues so triable, but denies that there are any issues in this matter that can properly be tried by a jury. Apotex denies any and all remaining allegations of Paragraph 76.

## ANSWER TO "PLAINTIFF'S PRAYER FOR RELIEF"

All allegations in Vanda's First Amended Complaint that are not expressly admitted by Apotex are denied. Apotex denies that Vanda is entitled to any of the relief sought in its Prayer for Relief.

## APOTEX'S AFFIRMATIVE DEFENSES

Apotex asserts the following defenses without prejudice to the denials in this Answer, and without admitting any allegations of the First Amended Complaint not otherwise admitted. Apotex reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement of U.S. Patent No. 11,918,556)**

Apotex's ANDA Product that is the subject of ANDA No. 211607 does not infringe, has not infringed, and would not, if made, used, offered for sale, sold and/or imported into the United States, infringe, induce the infringement of, or contribute to the infringement of any valid and enforceable claim of the '556 patent, either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity of U.S. Patent No. 11,918,556)**

The '556 patent and each of the claims thereof is invalid for failure to comply with one or more conditions of patentability set forth in one or more provisions of 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to State a Claim for an Exceptional Case)**

Vanda cannot prove that this is an exceptional case justifying an award of attorney fees against Apotex pursuant to 35 U.S.C. § 285.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim for Willful Infringement)**

Vanda cannot prove that any infringement of the '556 patent by Apotex has been willful, wanton, or deliberate to justify a trebling of damages pursuant to 35 U.S.C. § 284.

**FIFTH AFFIRMATIVE DEFENSE**
**(Equitable Estoppel)**

Vanda's claims are barred in whole or in part by equitable estoppel. Vanda, through its words, conduct, and/or failure to act, misled Apotex to reasonably infer that the '556 patent would not be enforced against Apotex. Apotex detrimentally relied on these words, conduct, and/or

failure to act, and would be materially prejudiced if Vanda is permitted to proceed with a claim against Apotex for infringement of the ’556 patent, or any related patents.

**SIXTH AFFIRMATIVE DEFENSE**
**(Collateral Estoppel)**

Vanda’s claim that Apotex infringes the ’556 patent is collaterally barred by the preclusive effect of the invalidity findings of fact and conclusions of law in Case No. 18-651 (CFC) (consolidated), 2022 WL 17593282 (D. Del. Dec. 13, 2022), which were affirmed by the U.S. Court of Appeals for the Federal Circuit in Case No. 23-1247, D.I. 48 (May 10, 2023) because the validity of the ’556 patent raises substantially identical questions as those already previously tried to final judgment between the fully represented parties.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Patent Misuse/Unclean Hands)**

The ’556 patent is unenforceable against Apotex under the equitable doctrines of patent misuse and/or unclean hands because Vanda is attempting to enforce the ’556 patent against Apotex with the knowledge that the ’556 patent is invalid, is not infringed, or is unenforceable against Apotex due to equitable estoppel and/or collateral estoppel.

**RESERVATION OF DEFENSES**

Apotex reserves any and all defenses available under the Federal Rules of Civil Procedure and the U.S. Patent Laws and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation.

**APOTEX INC. AND APOTEX CORP.’S COUNTERCLAIMS**

Defendants Apotex Inc. and Apotex Corp. (together, “Apotex”), by and through their undersigned counsel, plead the following counterclaims against Plaintiff/Counterclaim Defendant Vanda Pharmaceuticals Inc. (“Vanda”):

## PARTIES

1. Apotex Inc. is a corporation organized and existing under the laws of Canada, with a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

2. Apotex Corp. is a corporation organized and existing under the laws of the state of Delaware, with a place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

3. On information and belief, Vanda is a Delaware corporation with a principal place of business at 2200 Pennsylvania Ave. NW, Suite 300E, Washington DC, 20037.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201, and 2202, based on an actual controversy between Apotex, on the one hand, and Vanda on the other hand, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

5. This Court has personal jurisdiction over Vanda based, *inter alia*, on the fact that Vanda is a Delaware corporation, on Vanda's filing of this and related lawsuits in this Court, and because Vanda does business in this jurisdiction.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## ORANGE BOOK LISTING OF THE '556 PATENT

7. On information and belief, on March 5, 2024, the United States Patent Office ("PTO") issued United States Patent No. 11,918,556 ("the '556 patent"), entitled "Treatment of Circadian Rhythm Disorders." According to the PTO's electronic records, Vanda is the assignee of the '556 patent.

8. Section 355 of the Food, Drug and Cosmetic Act requires NDA holders to disclose to the United States Food and Drug Administration ("FDA") "the patent number and expiration date of each patent for which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner of the patent engaged in the manufacture, use, or sale of the drug, and that . . . claims a method of using such drug for which approval is sought or has been granted in the application." 21 U.S.C. §§ 355(b)(1)(A)(viii).

9. According to FDA's "Orange Book", Vanda submitted the '556 patent to FDA on April 4, 2024 for listing in connection with NDA No. 205677 for Hetlioz®.

10. By maintaining the listing of the '556 patent in FDA's Orange Book, Vanda represents that the '556 patent "could reasonably be asserted if a person not licensed by the owner of the patent engaged in the manufacture, use, or sale of the drug." 21 U.S.C. § 355(b)(1)(A)(viii).

**APOTEX'S ANDA NO. 211607**

11. Apotex filed Abbreviated New Drug Application ("ANDA") No. 211607 with FDA seeking approval to engage in the commercial manufacture, use, offer to sell, sale within the United States, or importation into the United States of a tasimelteon 20 mg oral capsule product.

12. On December 20, 2022, FDA approved ANDA No. 211607.

**PRIOR, RELATED LITIGATION BETWEEN VANDA AND APOTEX**

13. Before it asserted the '556 patent here, Vanda had previously sued Apotex for infringement of fourteen other *Orange Book*-listed patents for Hetlioz® (hereinafter, the "Prior Litigation"), which included: Case No. 18-cv-00689 (CFC) (D. Del.) asserting U.S. Patent Nos. RE46,604 ("the RE604 patent," which is a reissue of U.S. Patent No. 8,785,492), 9,060,995 ("the '995 patent"), 9,539,234 ("the '234 patent"), 9,549,913 ("the '913 patent"), 9,730,910 ("the '910 patent"), 9,855,241 ("the '241 patent"), and 10,071,977 ("the '977 patent"); Case No. 19-cv-00685

(D. Del.) asserting U.S. Patent No. 10,149,829 ("the '829 patent"); Case No. 19-cv-02375 (D. Del.) asserting U.S. Patent No. 10,376,487 ("the '487 patent"); Case No. 20-cv-00083 (CFC) (D. Del.) asserting U.S. Patent No. 10,449,176 ("the '176 patent"); Case No. 20-cv-01333 (CFC) (D. Del.) asserting U.S. Patent Nos. 10,610,510 ("the '510 patent") and 10,610,511 ("the '511 patent"); and Case No. 21-cv-00282 (D. Del.) asserting U.S. Patent Nos. 10,611,744 ("the '744 patent") and 10,829,465 ("the '465 patent").

14. The Prior Litigation involved the same parties (Apotex and Vanda), the same ANDA (Apotex's ANDA No. 211607), the same product labels (the Hetlioz® prescribing information and Apotex's prescribing information for ANDA No. 211607), and the same accused product (Apotex's tasimelteon 20 mg oral capsule product described in ANDA No. 211607) that are at issue in this action.

15. Eight of the patents Vanda asserted against Apotex in the Prior Litigation—the RE604, '995, '234, '829, '510, '913, '241, and '176 patents—are in the same family as the '556 patent, and claim the benefit of the filing dates of seven provisional patent applications that were filed between January 26, 2012 and January 23, 2013.

16. Five of the patents Vanda asserted against Apotex in the Prior Litigation—the RE604, '995, '234, '829, and '510 patents—share a common specification with that of the '556 patent.

17. The Prior Litigation involved two patents—the '829 and RE604 Patents—that share much of the same prior art as the '556 patent.

18. The Prior Litigation involving Apotex was consolidated with an action Vanda filed against Teva Pharmaceuticals USA, Inc, ("Teva"), which was case no. 18-cv-00651 (CFC) (consolidated) (D. Del.).

19. Before trial in the Prior Litigation, Vanda withdrew the ’995, ’234, ’913, ’241, ’977, ’176, ’510, ’511, and ’744 patents.

20. During a January 8, 2021 teleconference in the Prior Litigation, this Court told Vanda’s counsel, “There has to be a drop-dead date by which any patents can be added to the case. Mr. Groombridge, what you have to tell your client is that means they should not plan on ever getting to litigate in another case patents associated with these products. Fair enough?” to which Mr. Groombridge answered “Yes, we understand, Your Honor.” *See* case no. 18-cv-00689 (CFC) (consolidated) (D. Del.), January 8, 2021 Hearing Transcript at 28:20 – 29:11.

21. This Court held a four-day bench trial in the Prior Litigation from March 28 to March 31, 2022 concerning the RE604, ’829, ’910, ’487, and ’465 patents. *See* case no. 1:18-cv-00651-CFC (consolidated) (D. Del.), D.I. 336.

22. Following that four-day bench trial in the Prior Litigation, the Parties filed a Joint Stipulation and Order that dismissed with prejudice Vanda’s claims that Apotex “infringes the ’465 patent,” and granted Apotex an irrevocable and unconditional covenant “not to assert the ’465 patent, or any patent claiming priority to the ’465 patent, or any patent claim priority to any application to which the ’465 patent claims priority,” against Apotex, “with respect to ANDA No. 211607 and any making, use, sale, offering for sale, or importation of the tasimelteon active pharmaceutical ingredient described in Apotex’s ANDA No. 211607.” *See* case no. 1:18-cv-00651-CFC (consolidated) (D. Del.), D.I. 310 at 2.

23. On December 13, 2022, this Court entered an Opinion finding, *inter alia*, that Apotex’s ANDA Products do not infringe claim 3 of the RE604 patent, and that claim 3 of the RE604 patent, claim 4 of the ’829 patent, claim 14 of the ’910 patent, and claim 5 of the ’487 patent are invalid as obvious. *See* case no. 1:18-cv-00651-CFC (consolidated), 2022 WL

17593282 (D. Del. Dec. 13, 2022).

24. Final Judgment in the Prior Litigation was entered on December 14, 2022. *See* case no. 1:18-cv-00651-CFC (consolidated) (D. Del.), D.I. 338. That same day, Vanda appealed to the U.S. Court of Appeals for the Federal Circuit. *See* case no. 23-1247 (Fed. Cir.).

25. On December 15, 2022, Vanda moved for injunctive relief pending appeal under Federal Circuit Rule 8, along with an emergency motion to enjoin Teva and Apotex from launching their generic products. *See* case no. 23-1247 (Fed. Cir.), D.I. 2 and 3.

26. On December 28, 2022, the Federal Circuit denied Vanda's Motion to Enjoin because "Vanda has not established that an injunction pending appeal is warranted" and lifted a temporary stay that had been imposed. *See* case no. 23-1247 (Fed. Cir.), D.I. 27.

27. On May 10, 2023, the Federal Circuit entered a written opinion affirming this Court's findings of fact and conclusions of law that held claim 3 of the RE604 patent, claim 4 of the '829 patent, claim 14 of the '910 patent, and claim 5 of the '487 patent invalid as obvious. *See* case no. 23-1247 (Fed. Cir.), D.I. 48. That same day, the Federal Circuit entered final judgment in favor of Apotex and Teva. *See id.*, D.I. 49.

**<u>THE PRESENT ACTION BETWEEN VANDA AND APOTEX</u>**

28. Vanda alleges that Apotex's generic tasimelteon product described in ANDA No. 211607 infringes the '556 patent under 35 U.S.C. §§ 271(e)(2), (b), and/or (c). D.I. 6.

29. There has been and is now an actual and justiciable controversy between Apotex and Vanda as to whether the product disclosed in Apotex's ANDA No. 211607 infringes the '556 patent, and whether any valid, enforceable claim of the '556 patent exists.

30. If Apotex succeeds in proving that its tasimelteon 20 mg oral capsule product described in ANDA No. 211607 does not infringe the '556 patent, or that the '556 patent is invalid

or unenforceable, such a judgment will remove any uncertainty that may exist by virtue of Vanda's maintenance of the '556 patent in the Orange Book in connection with the Hetlioz® NDA.

31. In light of all the circumstances, and an actual, substantial, and continuing justiciable controversy having sufficient immediacy and reality to warrant the issuance of a declaration of rights by the Court exists between Vanda and Apotex as to whether the claims of the '556 patent are invalid and/or not infringed by Apotex.

**COUNT I**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 11,918,556)**

32. Apotex incorporates by reference and re-alleges each of the foregoing paragraphs of Apotex's Answer and Affirmative Defenses to the First Amended Complaint and of these Counterclaims as if fully set forth herein.

33. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

34. Based on Vanda's filing of this Action against Apotex for alleged infringement of the '556 patent and Apotex's affirmative defenses, an actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Apotex and Vanda concerning whether the generic tasimelteon oral capsule product described in ANDA No. 211607 and its commercial importation, use, offer for sale, and sale in the United States infringes any claim of the '556 patent.

35. Apotex is entitled to a declaration that the filing of ANDA No. 211607 and the generic tasimelteon oral capsule product described therein do not infringe any claim of the '556 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(e)(2)(A).

36. Apotex is entitled to a declaration that the commercial manufacture, use, offer to

sell, sale within the United States, or importation into the United States of Apotex's tasimelteon 20 mg oral capsule product described in ANDA No. 211607 with its FDA-approved prescribing information does not indirectly infringe any claim of the '556 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) and/or (c).

37. Vanda knew when it filed its First Amended Complaint asserting the '556 patent against Apotex that Apotex's label for its tasimelteon 20 mg oral capsule product described in ANDA No. 211607 states that "[b]eta-adrenergic receptor antagonists have been shown to reduce the production of melatonin via specific inhibition of beta-1 adrenergic receptors. Nighttime administration of beta-adrenergic receptor antagonists may reduce the efficacy of tasimelteon." Accordingly, Vanda knew that Apotex's prescribing information for ANDA No. 211607 does not encourage, promote, or instruct physicians to cease treatment with a beta-adrenergic receptor antagonist prior to administering tasimelteon.

38. Vanda's vexatious and bad-faith filing of this Action has forced Apotex to spend money, time, and resources preparing this answer, affirmative defenses, and counterclaims relating to the '556 patent.

39. Based upon the vexatious nature of this Action, Apotex is entitled to a finding that this case is "exceptional" under 35 U.S.C. § 285, and Apotex should be rewarded its reasonable attorney fees incurred in this Action.

**COUNT II**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 11,918,556)**

40. Apotex incorporates by reference and re-alleges each of the foregoing paragraphs of Apotex's Answer and Affirmative Defenses to the Complaint and of these Counterclaims as if fully set forth herein.

41. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1

*et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

42. Based on Vanda's filing of this Action against Apotex for alleged infringement of the '556 patent and Apotex's affirmative defenses, an actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Apotex and Vanda concerning the validity of the claims of the '556 patent.

43. Apotex is entitled to a declaration that the claims of the '556 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation.

44. Vanda knew when it filed its First Amended Complaint asserting the '556 patent against Apotex that this Court had previously found that the prior art taught that tasimelteon is a melatonin agonist with similar properties to exogenous melatonin and that it could be used to treat circadian rhythm disorders and sleep disorders. *See* Case No. 1:18-cv-00651-CFC (consolidated) (D. Del.), D.I. 336 at 22-24.

45. Vanda knew when it filed its First Amended Complaint asserting the '556 patent against Apotex that this Court had previously found that the prior art taught the same dose of tasimelteon (20 mg) and regimen (once a day, 0.5 to 1.5 hours before bedtime) treat the same patient population (Non-24 patients) as those claimed in the '556 patent. *Id.* at 24.

46. Vanda knew when it filed its First Amended Complaint asserting the '556 patent against Apotex that this Court's previous findings of fact and conclusions of law concerning the invalidity of related U.S. Patent No. RE46,604 and U.S. Patent No. 10,149,829, which share a common specification with the '556 patent, had been affirmed by the U.S. Court of Appeals for the Federal Circuit. *See* Case No. 23-1247, D.I. 48, dated May 10, 2023.

47. Vanda knew when it filed its First Amended Complaint asserting the ’556 patent against Apotex that the ’556 patent specification discloses that beta-adrenergic receptor antagonists “are known to reduced endogenous levels of melatonin.” *See* the ’556 patent, col. 8:65 – col. 9:7. In view of such disclosures in the ’556 patent specification, Vanda knew that the methods of treatment claimed in the ’556 patent claims are not novel or non-obvious.

48. Based on the vexatious nature of this litigation, including the similarity and significant overlap between the subject matter of the claims of the ’556 patent and the claims of the RE604, ’829, and ’910 patents that were previously litigated in this Court and found invalid, Apotex is entitled to a finding that this case is “exceptional” under 35 U.S.C. § 285, and Apotex should be rewarded its reasonable attorney fees incurred in this Action.

**COUNT III**
**(Declaratory Judgment That Vanda’s Claim That Apotex Infringes U.S. Patent No. 11,918,556 Is Barred By the Doctrine of Collateral Estoppel)**

49. Apotex incorporates by reference and re-alleges each of the foregoing paragraphs of Apotex’s Answer and Affirmative Defenses to the First Amended Complaint and of these Counterclaims as if fully set forth herein.

50. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

51. Based on Vanda’s filing of this Action against Apotex for alleged infringement of the ’556 patent and Apotex’s affirmative defenses, an actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Apotex and Vanda concerning the validity of the claims of the ’556 patent.

52. Apotex is entitled to a declaration that Vanda is estopped from asserting any claim

of the ’556 patent against Apotex based on the collateral and preclusive effects of this Court’s findings of fact and conclusions of law that held the ’829 and RE604 Patents invalid as obvious. *See* case no. 1:18-cv-00651-CFC (consolidated), 2022 WL 17593282 (D. Del. Dec. 13, 2022).

53. Vanda knew when it filed its First Amended Complaint asserting the ’556 patent against Apotex that this Court had previously found that the prior art taught that tasimelteon is a melatonin agonist with similar properties to exogenous melatonin and that it could be used to treat circadian rhythm disorders and sleep disorders. *See id.* at *9-*10.

54. Vanda knew when it filed its First Amended Complaint asserting the ’556 patent against Apotex that this Court had previously found that the prior art taught the same dose of tasimelteon (20 mg) and regimen (once a day, 0.5 to 1.5 hours before bedtime) treat the same patient population (Non-24 patients) as those claimed in the ’556 patent. *See id.* at *10-*13.

55. Vanda knew when it filed its First Amended Complaint asserting the ’556 patent against Apotex that the ’556 patent specification discloses that beta-adrenergic receptor antagonists “are known to reduced endogenous levels of melatonin.” *See* ’556 patent, col. 8:65 – col. 9:7. In view of such disclosures in the ’556 patent specification, Vanda knew when it filed its First Amended Complaint that the methods of treatment claimed in the ’556 patent claims are not novel or non-obvious.

56. Based on the vexatious nature of this litigation, including the similarity and significant overlap between the subject matter of the claims of the ’556 patent and the claims of the RE604, ’829, and ’910 patents that were previously litigated in this Court and found invalid, Apotex is entitled to a finding that this case is “exceptional” under 35 U.S.C. § 285, and Apotex should be rewarded its reasonable attorney fees incurred in this Action.

**PRAYER FOR RELIEF**

WHEREFORE, Apotex prays that the Court enter judgment in its favor and against Vanda as follows:

A. Declaring that the filing of Apotex's ANDA No. 211607 has not and does not directly or indirectly infringe any valid claim of the '556 patent;

B. Declaring that the commercial manufacture, use, offer to sell, sale within the United States, and/or importation into the United States of Apotex's tasimelteon 20 mg oral capsule product described in ANDA No. 211607 does not directly or indirectly infringe any valid claim of the '556 patent;

C. Declaring that the claims of the '556 patent are invalid;

D. Declaring that Vanda is collaterally estopped from asserting the '556 patent against Apotex;

E. Declaring that this is an exceptional case in favor of Apotex pursuant to 35 U.S.C. § 285 and awarding Apotex its reasonable attorney fees incurred in this Action;

F. Awarding Apotex its costs and expenses incurred in this Action;

G. Granting Apotex judgment in its favor on Vanda's First Amended Complaint;

H. Dismissing Vanda's First Amended Complaint with prejudice;

I. Denying any request by Vanda for injunctive relief; and

J. Awarding any and all other such relief as this Court deems just and proper.

Dated: March 17, 2025

Respectfully submitted,

*/s/ Kaan Ekiner*

Kaan Ekiner (#5607)
**COZEN O'CONNOR**
1201 N. Market Street, Suite 1001
Wilmington, DE 19801

*Of Counsel*:

W. Blake Coblentz (*pro hac vice* to be filed)
Aaron S. Lukas (*pro hac vice* to be filed)
**COZEN O'CONNOR**
2001 M Street, NW
Suite 500
Washington, DC 20036
(202) 912-4800
wcoblentz@cozen.com
alukas@cozen.com

Keri L. Schaubert (*pro hac vice* to be filed)
**COZEN O'CONNOR**
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
(212) 509-9400
kschaubert@cozen.com

(302) 295-2046
kekiner@cozen.com

*Attorneys for Defendants*
*Apotex Inc. and Apotex Corp.*