**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VANDA PHARMACEUTICALS INC.,<br>Plaintiff,<br>v.<br>APOTEX INC. and APOTEX CORP.,<br>Defendants. | C.A. No. 24-1344-JLH<br>**JURY TRIAL DEMANDED** |

## PLAINTIFF VANDA PHARMACEUTICALS INC.'S ANSWER TO DEFENDANT APOTEX INC. AND APOTEX CORP.'S COUNTERCLAIMS

Plaintiff Vanda Pharmaceuticals Inc. (Vanda) respectfully answers the counterclaims asserted by Defendants Apotex Inc. and Apotex Corp. (collectively, Apotex) (D.I. 11). Vanda incorporates the allegations of its first amended complaint (D.I. 6). Except as otherwise expressly set forth below, Vanda denies each and every allegation contained in the Counterclaims. The headings below track those used in the Counterclaims, are for convenience only, and do not constitute any part of Vanda's answer or any admission by Vanda as to the truth of the matters asserted. To the extent a paragraph purports to cite supporting evidence not included in the body of the Counterclaims, Vanda denies, and therefore does not separately respond to, the citation. Vanda further responds to the Counterclaims as follows:

### PARTIES

1. Vanda admits that Apotex Inc. is a corporation organized and existing under the laws of Canada, with a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

2. Vanda admits that Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 2400 North Commerce Parkway, Suite

400, Weston, Florida 33326.

3. Vanda admits the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4. The allegations in Paragraph 4 contain conclusions of law to which no response is required. To the extent an answer is deemed required, Vanda admits that, for the purposes of this action only, this Court has subject matter jurisdiction over the counterclaims and that Apotex purports to seek a declaratory judgment. Vanda admits that an actual case or controversy presently exists between Apotex and Vanda, arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 4.

5. Vanda admits that, for purposes of this action only, this Court has personal jurisdiction over Vanda.

6. Vanda admits that, for purposes of this action only, venue is proper in this judicial district.

**ORANGE BOOK LISTING OF THE ’556 PATENT**

7. Vanda admits the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions and allegations to which no answer is required. To the extent an answer is deemed required, Vanda admits that Paragraph 8 contains an accurate quotation of 21 U.S.C. § 355(b)(1)(A)(viii), except where modified by Apotex, and that the statute speaks for itself. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 8.

9. Paragraph 9 contains legal conclusions and allegations to which no answer is required. To the extent an answer is deemed required, Vanda admits that on or around April 4, 2024, Vanda submitted patent information to list the ’556 patent in the Orange Book for Hetlioz®, and

that the Orange Book lists the ’556 Patent in connection with NDA No. 205677 for Hetlioz®. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 9.

10. Paragraph 10 contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, Vanda admits that the Orange Book lists the ’556 Patent in connection with NDA No. 205677 for Hetlioz® and that Paragraph 10 contains an accurate quotation of a portion of 21 U.S.C. § 355(b)(1)(A)(viii). Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 10.

**APOTEX’S ANDA NO. 211607**

11. Vanda admits on information and belief that Apotex filed Abbreviated New Drug Application (ANDA) No. 211607 with FDA seeking approval to engage in the commercial manufacture, use, offer to sell, sale within the United States, or importation into the United States of a tasimelteon 20 mg oral capsule product.

12. Vanda admits on information and belief that FDA approved ANDA No. 211607 on December 20, 2022.

**PRIOR RELATED LITIGATION BETWEEN VANDA AND APOTEX**

13. Vanda admits that it previously sued Apotex for infringement of one or more claims of certain Orange Book-listed patents for Hetlioz®: U.S. Patent Nos. RE46,604 (“the RE604 patent,” which is a reissue of U.S. Patent No. 8,785,492), 9,060,995 (“the ’995 patent”), 9,539,234 (“the ’234 patent”), 9,549,913 (“the ’913 patent”), 9,730,910 (“the ’910 patent”), 9,855,241 (“the ’241 patent”), and 10,071,977 (“the ’977 patent”) in C.A. No. 18-689 (CFC) (D. Del.); U.S. Patent No. 10,149,829 (“the ’829 patent”) in C.A. No. 19-685 (CFC) (D. Del.); U.S. Patent No. 10,376,487 (“the ’487 patent”) in C.A. No. 19-2375 (CFC) (D. Del.); U.S. Patent No. 10,449,176 (“the ’176 patent”) in C.A. No. 20-83 (CFC) (D. Del.); U.S. Patent Nos. 10,610,510 (“the ’510

patent") and 10,610,511 ("the '511 patent") in C.A. No. 20-1333 (CFC) (D. Del.); and U.S. Patent Nos. 10,611,744 ("the '744 patent") and 10,829,465 ("the '465 patent") in C.A. No. 21-282 (CFC) (D. Del.). Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 13.

14. Vanda admits that C.A. Nos. 18-689 (CFC) (D. Del.), 19-685 (CFC) (D. Del.), 19-2375 (CFC) (D. Del.), 20-83 (CFC) (D. Del.), 20-1333 (CFC) (D. Del.), 21-282 (CFC) (D. Del.) involved Apotex and Vanda as parties to the litigation, Apotex's ANDA No. 211607, and Apotex's proposed tasimelteon 20 mg oral capsule product. Vanda states that patent claims are each independent inventions for which validity is to be determined by analysis of a claim as a whole. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 14.

15. Paragraph 15 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Vanda admits that certain of the patents previously asserted by Vanda are related (i.e., either directly or indirectly, are applications that are continuations, continuations-in-part, and/or divisional applications) to a common application from which the '556 patent ultimately issued. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 15.

16. Vanda admits that RE604, '995, '234, '829, and '510 patents have substantively similar specifications to the specification of the '556 patent. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 16.

17. Vanda denies each and every allegation contained in Paragraph 17.

18. Vanda admits that C.A. No. 18-651 (CFC) (D. Del.) (consolidated) was consolidated with C.A. No. 18-689 (CFC) (D. Del.). Vanda admits that it filed C.A. No. 18-689 (CFC) (D. Del.) and that Teva Pharmaceuticals USA, Inc. was a defendant in C.A. No. 18-689 (CFC) (D.

Del.). Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 18.

19. Vanda admits that before trial commenced in C.A. No. 18-651 (CFC) (D. Del.) (consolidated), in an effort to narrow the issues for trial, Vanda dismissed patent infringement claims asserting the ’995 patent, the ’234 patent, the ’913 patent, the ’241 patent, the ’977 patent, the ’176 patent, the ’510 patent, the ’511 patent, and the ’744 patent. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 19.

20. Vanda admits that this Court held a telephonic conference on January 8, 2021 in C.A. Nos. 20-1104, 20-1333, and 20-1334 (CFC) (D. Del.). Vanda admits that Paragraph 20 contains an accurate quotation of the cited portion of the transcript of this conference. Responding further, Vanda states that it is implausible that, from Vanda’s opening bid to consolidate a newly filed case and to shift the trial back nine months to accommodate that and Apotex’s preference to change nothing, the resulting compromise involved Vanda giving away all future patent claims. Rather, the compromise was as the Court confirmed: a consolidated trial, delayed, but “earlier in 2022 than perhaps [Vanda] wanted” (*see* C.A. No. 23-153-CFC (D. Del.), D.I. 69-1, Ex. 2 at 29:12-15), and with Vanda’s promise not to “add[] to the case” claims that would delay *that* trial (*see id.* at 29:5). Vanda further states that Apotex cannot have reasonably relied on any alleged representations regarding patent assertions after the cutoff date. Indeed, on January 19, 2021, Vanda shared a draft stipulation that clarified Vanda’s view that it retained the right to assert future claims (C.A. No. 23-153-CFC (D. Del.), D.I. 69-1, Ex. 7) and three days after that further confirmed its position (C.A. No. 23-153-CFC (D. Del.), D.I. 69-1, Ex. 8). These documents, which Vanda incorporates herein, preclude any contention that Apotex reasonably relied on any alleged statement by Vanda. Additionally, Vanda incorporates by reference the Declaration of Paul Hughes (C.A. No. 23-153-

CFC (D. Del.), D.I. 69) and the corresponding Exhibits 1-8 (C.A. No. 23-153-CFC (D. Del.), D.I. 69-1) regarding Vanda's Motion to Strike Affirmative Defenses and to Dismiss Counterclaims Premised on the January 2021 Scheduling Conference. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 20.

21. Vanda admits that this Court held a bench trial lasting four days in C.A. No. 18-651 (CFC) (D. Del.) adjudicating infringement and validity of certain claims of certain of Vanda's patents. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 21.

22. Vanda admits that in C.A. No. 18-651 (CFC) (D. Del.), on April 25, 2022, Vanda and Apotex (along with co-defendant Teva Pharmaceuticals USA, Inc. in the case) filed a Joint Stipulation and Order that was subsequently entered by this Court. Vanda admits that Paragraph 22 contains accurate quotations of the cited portions of D.I. 310 in C.A. No. 18-651. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 22.

23. Paragraph 23 contains legal conclusions and allegations to which no answer is required. To the extent a response is deemed required, Vanda admits that the Court held a trial in C.A. No. 18-651 (CFC) (D. Del.) adjudicating infringement and validity of certain claims of certain of Vanda's patents and entered an Opinion in C.A. No. 18-651 (CFC) (D. Del.) on December 13, 2022. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 23.

24. Vanda admits the allegations in Paragraph 24.

25. Vanda admits filing Appellant's Rule 8 Motion for an Injunction Pending Appeal, and Appellant's Emergency Motion to Enjoin Generic Launch Pending This Court's Ruling on Appellant's Rule 8 Motion in Case No. 23-1247 (Fed. Cir.) on December 15, 2022, related to

Apotex's generic tasimelteon product covered by Apotex's ANDA No. 211607. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 25.

26. Paragraph 26 contains legal conclusions and allegations to which no answer is required. To the extent a response is deemed required, Vanda admits that the U.S. Court of Appeals for the Federal Circuit entered an Order in Case No. 23-1247 (Fed. Cir.) on December 28, 2022 relating to Vanda's requests for injunctive relief. Vanda admits that the Paragraph 26 contains an accurate quotation of the cited portion of the Federal Circuit's decision dated December 28, 2022. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 26.

27. Vanda admits that the Federal Circuit affirmed this Court's ruling and entered final judgment rendering claim 3 of the RE604 patent, claim 4 of the '829 patent, claim 14 of the '910 patent, and claim 5 of the '487 patent invalid as obvious on May 10, 2023. *See Vanda Pharms. Inc. v. Teva Pharms USA, Inc.*, No. 23-1247, 2023 WL 3335538 (May 10, 2023). Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 27.

**THE PRESENT ACTION BETWEEN VANDA AND APOTEX**

28. Vanda admits the complaint filed January 23, 2025 alleges that Apotex's generic tasimelteon product described in ANDA No. 211607 infringes the '556 patent under 35 U.S.C. §§ 271(e)(2) and (a), (b), and/or (c).

29. Vanda admits that an actual case or controversy presently exists between Apotex and Vanda related to the '556 Patent. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 29.

30. Paragraph 30 contains legal conclusions and allegations to which no answer is required. To the extent a response is deemed required, Vanda denies each and every allegation in Paragraph 30.

31. Vanda admits that an actual case or controversy presently exists between Apotex

and Vanda related to the ’556 Patent. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 31.

**COUNT I**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 11,918,556)**

32. No response is required to Apotex’s incorporation by reference of the foregoing paragraphs of its Counterclaims. To the extent a response is deemed required, Vanda incorporates and re-alleges the foregoing responses and averments as if fully set forth herein.

33. Paragraph 33 contains legal conclusions and allegations to which no answer is required. To the extent a response is deemed required, Vanda admits that this counterclaim purports to arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

34. Vanda admits that an actual case or controversy presently exists between Apotex and Vanda related to the infringement of the ’556 Patent. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 34.

35. Vanda denies each and every allegation contained in Paragraph 35.

36. Vanda denies each and every allegation contained in Paragraph 36.

37. Vanda admits that at least one version of Apotex’s proposed label for its tasimelteon 20 mg oral capsule product described in ANDA No. 211607 states that “[b]eta-adrenergic receptor antagonists have been shown to reduce the production of melatonin via specific inhibition of beta-1 adrenergic receptors. Nighttime administration of beta-adrenergic receptor antagonists may reduce the efficacy of tasimelteon.” Vanda admits that it was aware of at least one version of Apotex’s purported prescribing information for Apotex’s ANDA Product prior to January 23, 2025. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 37.

38. Vanda is without sufficient knowledge or information to form a belief as to the truth

of allegations about Apotex's expenditure of money, time, and/or resources and therefore denies those allegations. Except as expressly addressed, Vanda denies each and every allegation contained in Paragraph 38.

39. Vanda denies each and every allegation contained in Paragraph 39.

**COUNT II**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 11,918,556)**

40. No response is required to Apotex's incorporation by reference of the foregoing paragraphs of its Counterclaims. To the extent a response is deemed required, Vanda incorporates and re-alleges the foregoing responses and averments as if fully set forth herein.

41. Paragraph 41 contains legal conclusions and allegations to which no answer is required. To the extent a response is deemed required, Vanda admits that this counterclaim purports to arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

42. Vanda admits that there is an actual, substantial, continuing and justiciable controversy between the parties relating to the '556 Patent. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 42.

43. Vanda denies each and every allegation contained in Paragraph 43.

44. Vanda admits to being aware of this Court's Opinion in C.A. No. 18-651 (CFC) (D. Del.) adjudicating infringement and validity of certain claims of certain of Vanda's patents dated December 13, 2022. Except as expressly admitted, Vanda denies each and every allegation contained in Paragraph 44.

45. Vanda admits to being aware of this Court's Opinion in C.A. No. 18-651 (CFC) (D. Del.) adjudicating infringement and validity of certain claims of certain of Vanda's patents dated December 13, 2022. Except as expressly admitted, Vanda denies each and every allegation

contained in Paragraph 45.

46. Paragraph 46 contains legal conclusions and allegations to which no answer is required. To the extent a response is deemed required, Vanda admits that it was aware that a panel of the United States Court of Appeals for the Federal Circuit had issued an opinion affirming the judgment of this Court in C.A. No. 18-651 (CFC) (D. Del.) when it filed the first amended complaint in this action. Except as expressly admitted, Vanda denies each and every allegation contained in Paragraph 46.

47. Vanda admits that Paragraph 47 accurately quotes a portion of the specification of the ’556 patent. Vanda further admits to being aware of the specification of the ’556 Patent. Except as expressly admitted, Vanda denies each and every allegation contained in Paragraph 47.

48. Vanda admits that the Court held a trial in C.A. No. 18-651 (CFC) (D. Del.) adjudicating infringement and validity of certain claims of certain of Vanda’s patents and entered an Opinion in C.A. No. 18-651 (CFC) (D. Del.) on December 13, 2022. Except as expressly admitted, Vanda denies each and every allegation contained in Paragraph 48.

**COUNT III**
**(Declaratory Judgment That Vanda’s Claim That Apotex Infringes U.S. Patent No. 11,918,556 Is Barred By the Doctrine of Collateral Estoppel)**

49. No response is required to Apotex’s incorporation by reference of the foregoing paragraphs of its Counterclaims. To the extent a response is deemed required, Vanda incorporates and re-alleges the foregoing responses and averments as if fully set forth herein.

50. Paragraph 50 contains legal conclusions and allegations to which no answer is required. To the extent a response is deemed required, Vanda admits that this counterclaim purports to arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

51. Vanda admits that there is an actual, substantial, continuing and justiciable controversy between the parties relating to the ’556 Patent. Except as expressly admitted, Vanda denies the remaining allegations contained in Paragraph 51.

52. Vanda denies each and every allegation contained in Paragraph 52.

53. Vanda admits to being aware of this Court’s Opinion in C.A. No. 18-651 (CFC) (D. Del.) adjudicating infringement and validity of certain claims of certain of Vanda’s patents dated December 13, 2022. Except as expressly admitted, Vanda denies each and every allegation contained in Paragraph 53.

54. Vanda admits to being aware of this Court’s Opinion in C.A. No. 18-651 (CFC) (D. Del.) adjudicating infringement and validity of certain claims of certain of Vanda’s patents dated December 13, 2022. Except as expressly admitted, Vanda denies each and every allegation contained in Paragraph 54.

55. Vanda admits that Paragraph 55 accurately quotes a portion of the specification of the ’556 patent. Vanda further admits to being aware of the specification of the ’556 Patent. Except as expressly admitted, Vanda denies each and every allegation contained in Paragraph 55.

56. Vanda admits that the Court held a trial in C.A. No. 18-651 (CFC) (D. Del.) adjudicating infringement and validity of certain claims of certain of Vanda’s patents and entered an Opinion in C.A. No. 18-651 (CFC) (D. Del.) on December 13, 2022. Except as expressly admitted, Vanda denies each and every allegation contained in Paragraph 56.

**RESPONSES TO APOTEX’S PRAYER FOR RELIEF**

WHEREFORE, Vanda denies that Apotex is entitled to the judgment and relief requested in the Counterclaims, respectfully requests that this Court enter judgment in Vanda’s favor and against Apotex on the Counterclaims, and respectfully requests that this Court:

1) dismiss Apotex’s Counterclaims with prejudice;

2) deny any of the relief that Apotex seeks in its Counterclaims;

3) grant Vanda the relief requested in its first amended complaint; and

4) award Vanda such further and additional relief as this Court deems just and proper.

Dated: April 7, 2025

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff*
*Vanda Pharmaceuticals Inc.*

*Of Counsel:*

Paul W. Hughes
Sarah P. Hogarth
Mary H. Schnoor
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
phughes@mwe.com
shogarth@mwe.com
mschnoor@mwe.com

Jason A. Leonard
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017-3852
(212) 547-5400
jleonard@mwe.com

Samoneh K. Schickel
MCDERMOTT WILL & EMERY LLP
300 Colorado Street, Suite 2200
Austin, TX 78701
(512) 298-5686
sschickel@mwe.com